UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81413-CIV-MARRA

THE LICHFIELD GROUP, INC.,

      Plaintiff,

vs.

DWAYNE WADE SCHOOLS OF FLORIDA,
LLC, a/k/a D WADE'S SCHOOLS, LLC, n/k/a
NEXT GENERATION IN EDUCATION, LLC,

      Defendant.
_____/

**OPINION AND ORDER**

      THIS CAUSE is before the Court upon Defendant Next Generation in Education, LLC's ("Next Generation") Motion to Dismiss the Complaint.  (DE 10).  The motion is fully briefed and ripe for review.  The Court has carefully considered the briefs and is fully advised in the premises.

**Background**

      The Complaint filed in this case alleges that on or about July 21, 2009, The Lichfield Group, Inc., ("Lichfield) entered into a contract with Dwyane Wade Schools of Florida, LLC, now know as Next Generation in Education, LLC ("New Generation").  The contract provided that Lichfield would perform consulting and public relations services to assist New Generation in its efforts to develop charter schools.   In exchange for the services, New Generation agreed to pay Lichfield $20,000.00 per month for twelve months, with payment due on the first day of each month.  Lichfield claims that it provided the services required under the contract, but New

Generation has failed to pay the money due.  In order to recover the money it claims is due, Lichfield has alleged causes of action for account stated, breach of contract, quantum meruit, and unjust enrichment (DE 1).  Next Generation filed this motion to dismiss asserting that Lichfield failed to state claims upon which relief may be granted. (DE 10).

**Legal Standard**

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  When considering a motion to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff."  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted).

**Discussion**

Next Generation's primary arguments are that counts I (account stated) and II (breach of contract) fail to sufficiently allege a relationship between it and Dwyane Wade Schools of Florida, LLC, the entity named as the contracting party in the agreement.  Next Generation also asserts that counts III (quantum meruit) and IV (unjust enrichment) should be dismissed because

Lichfield failed to allege sufficient ultimate facts.[1]  In response, Lichfield contends that Next Generation's assertion that the entity named in the written contract did not sign the written contract should be a matter of proof or pled as an affirmative defense and does not render counts I and II deficient.  Lichfield also argues that the elements of counts III and IV were properly pled in the complaint.

Because the Court's jurisdiction over this suit is based upon diversity of citizenship, 28 U.S.C. § 1332, Florida law applies to substantive issues.  *E.g.*, *Hunnings v. Texaco Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994); *Broyles v. Bayless*, 878 F.2d 1400, 1402 (11th Cir. 1989).

Next Generation is correct that the contract, which is attached to the complaint, was executed by Dwyane Wade Schools of Florida, LLC.  On the face of the complaint, however, Plaintiff has asserted that Dwyane Wade Schools of Florida, LLC, is now know as Next Generation in Education, LLC.   The Court concludes that this assertion is sufficient for pleading purposes to show a connection between the named contracting party and Next Generation.  The Court, at this stage of the proceeding, must accept that assertion as true.  The Court sees little reason to require an amendment to the complaint to allege more specifically what is already apparent.   The Court cannot look past the four corners of the complaint to determine the relationship of the different legal entities.  *See St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)("The scope of the review must be limited to the four corners of the complaint.")

---

[1]   Next Generation initially argued that counts III and IV should be dismissed because Lichfield had asserted the existence of an express contract, but it has since withdrawn that ground for dismissal.  DE 14.

Next Generation next argues that Lichfield failed to assert all of the ultimate facts necessary for its unjust enrichment and quantum meruit claims.  Specifically, Next Generation contends that Lichfield failed to allege the specific services, the dates that the services were provided, and what benefits Next Generation retained.

The essential elements of unjust enrichment are "(1) a benefit conferred on upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof."  *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Circ. 2009) (*quoting Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla.Dist.Ct.App. 2006)). In count IV of the complaint, Lichfield alleged, in part, that:

> 45.  Plaintiff conferred a benefit upon NEXT GENERATION, which services and materials were appreciated and accepted by the Defendant NEXT GENERATION that resulted in a substantial benefit to NEXT GENERATION thereby.
>
> 46.  Defendant NEXT GENERATION accepted and retained the benefits of LICHFIELD's consulting, public-relations, political and other related services to and for the Defendant under circumstances that would make it inequitable, unfair and unjust for Defendant to do so without paying the value of said benefits and services.
>
> 47.  Defendant NEXT GENERATION knew that LICHFIELD expected to be compensated for its efforts in an amount not less than $20,000.00 per month for a 12 month period, i.e., August 2009-August 2010.
>
> 48.  Plaintiff LICHFIELD fully performed said services and provided all required consulting, public-relations, political and other related services to and for Defendant, which resulted in a substantial benefit to Defendant NEXT GENERATION.
>
> ***

Compl. ¶45-48.  Federal Rule of Procedure 8(a) only requires that a plaintiff include a "short and plain statement of the grounds for the court's jurisdiction", "a short and plain statement of the

claim showing that the pleading is entitled to relief", and "a demand for the relief sought." Fed.R.Civ.P. 8(a). Clearly, Lichfield fulfilled the pleading requirements for the unjust enrichment count since it properly alleged that a benefit was conferred upon Next Generation, Next Generation appreciated the benefit, and the circumstances make it inequitable for Next Generation to retain the benefit without paying for it.

Under Florida law, in order to plead a claim of quantum meruit, the plaintiff must allege that "the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it." *Babineau v. Federal Exp. Corp.*, 576 F.3d 1183, 1194 (11th Circ. 2009) (*quoting W.R. Townsend Contracting, Inc. v. Jensen Civil Const., Inc.*, 728 So.2d 297, 305 (Fla.Dist.Ct.App.1999)). In count III of the complaint, Lichfield alleged, in part, that:

> 36. Plaintiff rendered valuable services to the Defendant that were requested by NEXT GENERATION, as well as appreciated and accepted by the Defendant NEXT GENERATION that resulted in a substantial benefit to NEXT GENERATION thereby.

> 37. Defendant NEXT GENERATION knew that LICHFIELD expected to be compensated for its efforts in an amount not less than $20,000.00 per month for a 12 month period.

> 38. Plaintiff LICHFIELD fully performed said services and provided all required consulting, public-relations, political, and other related services to and for Defendant, which resulted in a substantial benefit to Defendant NEXT GENERATION.

> 39. The reasonable value of the services and materials provided and conferred by LICHFIELD upon NEXT GENERATION are in an amount not less than $240,000.00.

> 40. Plaintiff is entitled to recover the reasonable value of the benefit conferred

5

upon Defendant NEXT GENERATION because Defendant would thereby be
unjustly enriched and it would be contrary to the principles of equity and good
conscience for NEXT GENERATION to retain the benefit conferred without
payment to LICHFIELD thereby.

***

Compl. ¶36-40.  Once again, Lichfield met the pleading requirements of Fed. R. Civ. P. 8(a) as it

properly alleged that it provided services to Next Generation, Next Generation assented to and

received the services under circumstances where, in the ordinary course of common events, a

reasonable person receiving such a benefit normally would expect to pay for it. Therefore, the

Court rejects Next Generation's contention that Lichfield failed to properly pled the quantum

meruit and unjust enrichment claims.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Next

Generation in Education, LLC's Motion to Dismiss the Complaint (DE 10) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County

Florida, this 28th day of January, 2011.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record