UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81413-CIV-MARRA

THE LICHFIELD GROUP, INC.,

    Plaintiff,

vs.

DWAYNE WADE SCHOOLS OF FLORIDA,
LLC, a/k/a D WADE'S SCHOOLS, LLC, n/k/a
NEXT GENERATION IN EDUCATION, LLC,

    Defendant.
_____/

**OPINION AND ORDER**

THIS CAUSE came before the Court on Plaintiff's, the Lichfield Group, Inc., ("Lichfield") Motion for Summary Judgment as to Counts I and II [DE 24]. The motion is fully briefed and ripe for review. The Court has reviewed the motion, response, and reply, the entire file in this case, and is otherwise duly advised in the premises.

**I. Undisputed Material Facts**

Lichfield initiated the present action against Dwayne Wade Schools of Florida, LLC, a/k/a D Wade's Schools, LLC, n/k/a Next Generation in Education, LLC ("Next Generation), alleging that on or about July 21, 2009, Plaintiff entered into a contract with Dwyane Wade Schools of Florida, LLC, now known as Next Generation in Education, LLC. [DE 1]. The contract provided that Lichfield would perform consulting and public relations services to assist New Generation in its efforts to develop charter schools. [DE 1]. In exchange for the services,

1

New Generation agreed to pay Lichfield $20,000.00 per month for twelve months, with payment due on the first day of each month. [DE 1].  Lichfield claims in the complaint that it provided the services required under the contract, but New Generation has failed to pay the money due. [DE 1].  In order to recover the money it claims is due, Lichfield has alleged causes of action for account stated, breach of contract, quantum meruit, and unjust enrichment.  [DE 1].

## II.  Standard of Review

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56( c).  The moving party bears the initial responsibility of showing the court, by reference to the record, that there are no genuine issues of material fact that should be decided at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When the non-moving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a moving party has discharged its burden, the nonmoving party must "go beyond the pleadings," and, by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial.  *Celotex,* 477 U.S. at 324.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electr. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  When deciding whether summary judgment is appropriate, the

Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the party opposing the motion. *Witter v. Delta Air Lines, Inc.*, 138 F.3d 1366, 1369 (11th Cir. 1998) (citations and quotations omitted).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir.1989).

### III. Discussion

In the Motion for Summary Judgment, Lichfield asserts that there is no genuine issue of material fact regarding Counts I and II, so Lichfield is entitled to summary judgment solely on those two counts. Next Generation, on the other hand, argues that there are genuine issues of material fact in dispute, and therefore summary judgment is inappropriate at this juncture.

Based on the affidavits filed in support of the motion and response, there are genuine issues of material fact remaining in dispute. The basic premise of Lichfield's complaint is that it signed an agreement with Next Generation's predecessor, fulfilled its portion of the contract, and deserves compensation from Next Generation pursuant to the agreement. The crux of the litigation is whether the consulting agreement contains a scrivener's error or whether the parties

3

intended the agreement to apply to a not-yet-formed entity called Dwyane Wade Schools of Florida, LLC.  The affidavits conflict on this point as Bruce Fein's affidavit, which supports Lichfield's Motion for Summary Judgment, states that the misnaming of the party in the consulting agreement was a simple scrivener's error.   [Fein Aff. ¶¶ 5, 6].  In Mark Rodberg's affidavit submitted by Next Generation in opposition to the motion, Mr. Rodberg attests that the agreement was intended to be between Lichfield and a corporate entity to be formed, and that it was not a contract with Defendant.  therefore, Next Generation owes Lichfield nothing pursuant to the contract [Rodberg Aff. ¶¶ 9, 10].  Because the affidavits conflict on this critical issue, summary judgment cannot be granted.

   Other genuine issues of material facts pertaining to the agreement at issue are also in dispute.  For example, the affidavits submitted by the parties conflict on the issue of whether Bruce Fein, Esq., acted on behalf of Next Generation in his capacity as an attorney and has already been compensated for such actions [Rodberg Aff. ¶¶ 7-8] or whether Fein conducted business under the auspices of the consulting agreement, for which he was not paid by Next Generation [Fein Aff. ¶¶ 7, 9-18, 21].  Additionally, the affidavits contradict each other regarding whether Mark Rodberg ever conceded that Lichfield had fully and completely performed its duties under the consulting agreement.  Mark Rodberg states in his affidavit that he never made such a concession [Rodberg Aff. ¶ 12], while Bruce Fein avers in his affidavit that this conversation did take place [Fein Aff. ¶ 20].

As several genuine issues of material fact are evident on the face of the parties' affidavits, summary judgment cannot be granted.

### Conclusion

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment as to Counts I and II [DE 24] is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of June, 2011.

_____
KENNETH A. MARRA
United States District Court

Copies furnished to:
all counsel of record